UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. SMITH,

    Plaintiff,

v.

U.S. BANK, N.A., and SPECIALIZED
LOAN SERVICING, LLC,

    Defendants.
_____/

File No. 1:15-cv-805

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This is a mortgage foreclosure case. The matter is before the Court on Defendants U.S. Bank, N.A. ("U.S. Bank") and Specialized Loan Servicing, LLC's ("SLS") motion to dismiss this case. (ECF No. 7.) Plaintiff Michael L. Smith filed a response (ECF No. 10), to which Defendants filed a reply (ECF No. 11). For the reasons that follow, Defendants' motion will be granted.

## I.

This matter involves the property located at 628 Pleasant Street, Grand Ledge, Michigan (the "Property"). Plaintiff fell upon hard times and in 2004 obtained a home equity line of credit with a borrowing limit of $124,000 (the "Loan") through non-party GMAC Mortgage Corporation. The Loan was secured by a mortgage on the Property. The terms of the Loan were set forth in the Home Equity Line of Credit Agreement and Disclosure Statement ("Agreement"). (ECF No. 8-2, PageID.98.) Defendant SLS is the loan servicer and

Defendant U.S. Bank is the indenture trustee of the GMAC Mortgage Home Equity Home Loan Trust 2004.

Plaintiff asserts that when he entered into the Agreement, he "firmly told Defendants" that he wanted a fixed rate loan and "did not want anything with a balloon or a payment that would go up and down." (Compl. ¶ 14.) Certain terms set forth in the Agreement indicate, however, that Plaintiff did not enter into a fixed rate loan. One provision of the Agreement states:

> Variable Rate. Increases or decreases in the ANNUAL PERCENTAGE RATE and the Daily Rate take effect daily based on changes in the Prime Rate and if provided in the Addendum in the Earning Balance Outstanding. We will not be given any advance notice of changes in these rates. An increase in these rates will increase our minimum monthly payment.

(Agreement ¶ 6(d), ECF No. 8-2.) The Agreement provided for a 10 year "borrowing period." At the end of 10 years, the "repayment period" was to begin. The Agreement further indicated that Plaintiff was entering into a balloon loan:

> MATURITY DATE. We understand that making the minimum payment each month during the Borrowing Period will not result in any reduction of the Earning Balance Outstanding. Making the minimum payment each month during the Repayment Period will reduce the Earning Balance Outstanding. Unless we have paid off the Total Balance Outstanding and canceled the Account or GMAC terminates the Account before the end of the Repayment Period (the "Maturity Date") we will pay the remainder of the Total Balance Outstanding in a single payment *which may be a balloon payment* . . . The Account will terminate after this final payment.

(*Id.* ¶ 8.)

Despite the language in the Agreement, Plaintiff contends that the mortgage broker told him, "no, there is no balloon, it is a fixed rate loan. Nothing will change as long as you just keep paying the payment." (Compl. ¶ 14.) During the Borrowing Period, Plaintiff kept making the payments of $222.69 per month and nothing changed. In August 2014, at the end of the "Borrowing Period," SLS notified Plaintiff that he was now required to pay $1,471.26 per month. Plaintiff was unable to keep up with the increased payments and, as of May 24, 2015, Plaintiff owed $77,047.63 on the loan.

On May 24, 2015, notice was posted at Plaintiff's home that a sheriff's sale would occur on June 25, 2015. The sheriff's sale was rescheduled for July 2, 2015. On July 1, 2015, Plaintiff filed this lawsuit in state court seeking a temporary restraining order to enjoin the foreclosure proceedings and rescission of the mortgage loan transaction. The circuit court initially enjoined the foreclosure proceedings, but on July 27, 2015, dissolved the temporary restraining order after the parties stipulated to adjourn the foreclosure temporarily. (ECF No. 1-2, PageID #47.) Defendants then removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual

3

inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

Under Rule 12(b)(6), the Court may consider the complaint, "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are

central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.

Plaintiff's complaint raises two claims: the first is classified as a "complaint for [rescission] and for equitable relief," and the second is titled "complaint for temporary restraining order." Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, mandates that in stating a claim for relief, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims as titled do not state a claim for relief, but rather state the specific relief sought.

In Plaintiff's response to Defendants' motion to dismiss, Plaintiff refers to paragraphs within the complaint that he contends "allege[] cognizable causes of action . . . including unconscionability under MCL 440.2302" and a claim for fraudulent misrepresentation. (Pl.'s Resp. to Defs.' Mot. to Dismiss 5, 9, ECF No. 10.) Allegations in Plaintiff's complaint note that "Defendants' assignor by its agent knowingly made false affirmative misrepresentations to Plaintiff" and that the "terms of the loan are, on their face, unconscionable . . . ." (Compl. ¶ 30, 33.) Reading the complaint generously, the Court will address Plaintiff's claims for unconscionability and fraudulent misrepresentation.[1]

---

[1] Plaintiff has clarified that his reference to a breach of the duty of good faith and fair dealing claim is not a separate cause of action, but is contingent on Plaintiff's other two claims. Because the Court finds Plaintiff's other claims are meritless, the Court will not address a breach of the duty of good faith and fair dealing claim.

**A. Unconscionable Contract–Mich. Comp. Laws § 440.2302**

As stated, Plaintiff contends that he has raised a claim of "unconscionability under MCL 440.2302." Mich. Comp. Laws § 440.2302 provides:

> (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
>
> (2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

Mich. Comp. Laws § 440.2302(1)-(2).

Plaintiff argues the Agreement was unconscionable because he "had no bargaining power relative to Defendants, and could not have challenged any term of the Line of Credit Agreement," (Pl.'s Resp. to Defs.' Mot. to Dismiss at 6), "the contract provided for a nearly 700% payment increase after 10 years, effectively guaranteeing the loss of the home," (*id.*), plaintiff was an "unsophisticated older consumer[] signing standard printed forms," (*id.* at 8), and the mortgage broker told Plaintiff the Agreement was for a fixed rate (*id.* at 9). Despite the prevalence of balloon loans in the mortgage industry, Plaintiff has not cited, nor has the Court found, any case law in Michigan holding that contracts providing for a balloon payment are unconscionable.

More importantly, Defendants correctly note that the statutory provision Plaintiff bases his claim on falls under Article 2 of the Uniform Commercial Code (UCC). Article 2

6

"applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction . . . ." Mich. Comp. Laws § 440.2102. Plaintiff has not indicated that this matter involves a transaction in goods. Rather, Plaintiff argues that "[t]he terms of the *mortgage loan* are, on their face, unconscionable" because the monthly payments "would cause any borrower to ultimately lose their home." (Compl. ¶ 33, ECF No. 1-2) (emphasis added). As recently stated by the Sixth Circuit, "the UCC does not apply to mortgage foreclosures." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014) (citations omitted); *see also Fed. Deposit Ins. Corp. v. McCann*, No. 10-cv-14962, 2013 WL 5274368, at *9 (E.D. Mich. Sept. 18, 2013) (dismissing plaintiff's claim that a balloon loan mortgage was unconscionable, finding "no evidence or legal support for [the plaintiff's] contention that the contract is 'unconscionable' or that the contract violated the UCC, which applies to the sale of goods, not real property").

Because the contract at issue does not involve a transaction in goods, Mich. Comp. Laws § 440.2102 does not apply, and Plaintiff's claim will be dismissed.

**B. Fraudulent Misrepresentation**

Plaintiff next argues that "Defendants' agent's" oral statement that "there is no balloon, it is a fixed rate loan. Nothing will change as long as you just keep paying the payment" was a fraudulent misrepresentation. (Pl.'s Resp. to Defs.' Mot. to Dismiss at 10.) Under Michigan law, the elements of fraudulent misrepresentation are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). "An additional requirement for element five is that the plaintiffs' reliance on the alleged misrepresentation must have been reasonable." *MacDonald v. Thomas M. Cooley Law School*, 724 F.3d 654, 662-63 (6th Cir. 2013) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 549, 553-54 (Mich. Ct. App. 1999) and *Nieves v. Bell Indus., Inc.*, 517 N.W.2d 235, 238 (Mich. Ct. App. 1994)).

Plaintiff's fraudulent misrepresentation claim is meritless for several reasons. *First*, Plaintiff's reliance on any oral statement conflicting with the written terms of the agreement was unreasonable. *Novak* is instructive. In that case, the plaintiff signed an employment agreement with the defendants. 599 N.W.2d at 549. The written agreement stated that the plaintiff's employment was terminable at will by either party. *Id.* The agreement also stated that "plaintiff was not to sell insurance for any insurance carriers other than defendants unless defendants specifically directed him to do so." *Id.* After being fired, however, the plaintiff raised a fraudulent misrepresentation claim against the defendants, based in part on his assertion that "defendants induced him into signing the written contract by fraudulently informing him that . . . the at-will provision in the written contract did not apply to him, and . . . he would be allowed to sell insurance for companies other than Nationwide." *Id.* at 552-

53. The Michigan Court of Appeals stated that the plaintiff's reliance on the oral statements was not reasonable in light of the written terms that directly contradicted those statements. *Id.* at 553 ("Finally, the written contract, with its integration clause, expressly contradicted statements 4 and 5, making plaintiff's alleged reliance on these statements unreasonable.") (citing *Nieves*, 517 N.W.2d at 238). Thus, the court stated, "because plaintiff's reliance on statements 4 and 5 was not reasonable in light of the written contract, the statements, as a matter of law, did not support a misrepresentation claim." *Id.* at 554.

This case presents a similar factual situation. Plaintiff contends that an oral statement made by Defendant's agent that "there is no balloon, it is a fixed rate loan. Nothing will change as long as you just keep paying the payment" was a fraudulent misrepresentation. Just like in *Novak*, however, this oral statement was directly contradicted by the terms of the written agreement. Accordingly, Plaintiff's reliance on any oral statements was not reasonable and, thus, does not support a misrepresentation claim.

*Second*, Plaintiff bases his claim solely on oral statements made by Defendants' agents. The Michigan Statute of Frauds provides that an action shall not be brought against a financial institution to enforce a promise or commitment to waive a provision of a loan or make any other financial accommodation "unless the promise or commitment is in writing or signed." Mich. Comp. Laws § 566.132(2).

Plaintiff argues that the statute of frauds does not apply because Plaintiff alleges "fraud in the procurement of a contract." Essentially, Plaintiff argues that he would not have

entered into the contract had he known that he was being provided a variable rate loan and therefore the statute of frauds does not apply. Plaintiff agrees that a claim for promissory estoppel, negligent misrepresentation, or silent misrepresentation would be barred by the statute, but argues that a claim for fraudulent misrepresentation is not barred. (Pl.'s Resp. to Defs.' Mot. to Dismiss 14.) The Court disagrees. Numerous courts have found that the statute of frauds applies to a fraudulent misrepresentation claim. *See, e.g.*, *Davis v. PNC Mortg, N.A.*, No. 13-cv-11737, 2014 WL 4801968, at * 7 (E.D. Mich. Sept. 23, 2014) ("[T]he statute of frauds bars claims of fraudulent misrepresentation against a financial institution."); *Ross v. Fed. Nat'l Mortg. Assoc.*, No. 13-12656, 2014 WL 3597633, at *7 (E.D. Mich. July 22, 2014) (finding fraudulent misrepresentation claim "barred by the statute of frauds"). That is because the statute provides an "unqualified and broad ban" of any claim, "*no matter its label*," against a financial institution to enforce the terms of an oral promise falling under the statute. *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000) (emphasis added). Accordingly, the Court finds Plaintiff's claim for fraudulent misrepresentation is barred by the statute of frauds.

*Third*, Plaintiff's claim is time barred. The alleged fraudulent misrepresentation in this case occurred when "Defendant's agent" told Plaintiff that the loan was a fixed rate loan with no balloon payment. This statement allegedly occurred "at the time of entering into the mortgage loan," which was in 2004. In Michigan, a claim for fraud must be brought within six years of the time "the wrong was done." *Boyle v. General Motors Corp.*, 661 N.W.2d

557, 560 (Mich. 2003). Thus, Plaintiff's complaint, filed in state court in 2015, was not filed within the statute of limitations.

Plaintiff argues that his claim is not time barred because Mich. Comp. Laws § 5855 tolls the statute of limitations. This statute provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

*Id.* Under this statute, "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment. The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Sills v. Oakland General Hosp.*, 559 N.W.2d 348, 352 (Mich. 1996). Here, Plaintiff has shown no affirmative act designed to prevent subsequent discovery of the allegedly fraudulent misrepresentation. In fact, the opposite occurred: Plaintiff signed the agreement that would have shown that the oral statement was fraudulent, and was given a copy of the agreement to keep. Accordingly, Plaintiff's fraudulent misrepresentation claim also fails on this ground.

## IV.

For the reasons stated above, Defendants' motion to dismiss will be granted. Judgment will enter in accordance with this Opinion.


Dated: February 14, 2016                        /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE